UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELLIE M. DUBOIS | CIVIL ACTION |
| VERSUS | NO. 13-2438 |
| CAROLYN W. COLVIN, ACTING COMMISSIONER SOCIAL SECURITY ADMINISTRATION | SECTION "E" (3) |

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be GRANTED, the Commissioner's cross-motion be DENIED, and plaintiff's case be REMANDED for proceedings consistent with this recommendation.

I.      BACKGROUND

Plaintiff filed an application for DIB on May 23, 2011, alleging a disability onset date of May 31, 2009. (Adm. Rec. at 82-90). Plaintiff alleged disability due to arthritis in her lower back, increased pain, multiple sclerosis , anxiety and a hole in her heart. (*Id.* at 46, 115). Plaintiff, born on January 16, 1982, was 27 years old on the date on which she alleged disability and 30 years old at the time of the final administrative decision. (*Id.* at 98). Plaintiff has a twelfth-grade education. (*Id.* at 179). Plaintiff has past work experience as a service advisor, retail key holder, customer

service representative (tire service) and customer service representative (loans).  (*Id.* at 18).

Defendant initially denied plaintiff's application on June 21, 2011. (*Id.* at 46-51).  Plaintiff sought an administrative hearing, which defendant held on October 31, 2011. (*Id.* at 23-45). Plaintiff and a vocational expert ("VE"), Patricia Riggle, testified at the hearing.

On April 5, 2012, the administrative law judge ("ALJ") issued a decision in which he found that plaintiff had not been disabled through the date of the decision. (*Id.* at 12-19).  In the decision, the ALJ concluded that plaintiff has the severe impairment of multiple sclerosis. (*Id.* at 14).  The ALJ held that plaintiff did not have an impairment that meets or medically equals a listed impairment under the regulations.  (*Id.*).  The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. § 404.1567(a).  (*Id.* at 16).  The ALJ concluded that plaintiff can perform her past relevant work as a service advisor, retail key holder, customer service representative (tire service) and customer service representative (loans).  (*Id.* at 18).  The ALJ thus denied plaintiff DIB.  (*Id.* at 19).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. (*Id.* at 6-8). On February 22, 2013, the Appeals Council denied plaintiff's request.  (*Id.* at 1-3). Plaintiff then timely filed this civil action.

## II.   STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez*

*v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III.     ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work.  42 U.S.C. § 1382(a)(3)(B).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).   The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.  *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a

4

>  five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

**IV.    ISSUE ON APPEAL**

There is one issue on appeal:[1]

(1) Whether substantial evidence supports the ALJ's findings at Step Three and plaintiff's RFC.

## V. ANALYSIS

### 1. Whether substantial evidence supports the ALJ's findings at Step Three and plaintiff's RFC.

Plaintiff argues that the ALJ substituted his own medical opinion for that of the treating neurologist. She maintains that the ALJ erred when he rejected all of the findings of the treating neurologist regarding her multiple sclerosis ("MS"). Plaintiff contends that in the absence of a contrary expert medical opinion, the findings of the treating physician must be sustained.

In response, the Commissioner argues that there is substantial evidence in the record to support the ALJ's conclusions. She contends that the ALJ properly rejected the check-box form submitted by her treating physician, Dr. Donald Gervais. She notes that the objective medical evidence in Gervais' treatment notes contradicts at times his conclusions on the check-box form.

Assuming that the ALJ was entitled to not give Gervais' conclusions controlling weight – which is the province of the ALJ – the ALJ must still rely on opinions from medical experts to derive plaintiff's RFC. *Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995). The Fifth Circuit has been very clear on this point. *See Williams v. Astrue*, 355 Fed. Appx. 828, 832 n.6 (5th Cir 2009) ("In *Ripley*, we held that an ALJ may not – without opinions from medical experts – derive the

---

[1] The Court combines all issues raised by the parties into one issue. Because the Commissioner consistently refuses to abide by this Court's order that requires her to respond to each issue raised by plaintiff and repeatedly fashions the issues as she sees fit, the Court finds it necessary at this point to consolidate all issues and to admonish the Commissioner to comply with the Court's orders in the future.

applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions."). Here, there is no other expert medical opinion on which the ALJ relied. His opinion notes only the treatment notes of Gervais and then rejects them. He also rejected the findings of the single decision-maker – who made the initial determination in this case – on the ground that he was not a program physician or psychologist. While he lists much evidence that may support his determination of plaintiff's RFC – and this evidence is reiterated by the Commissioner in her memorandum – there is simply no expert, objective medical evidence in his opinion to support his conclusion that plaintiff can perform her past relevant work. The ALJ may not merely list evidence from the record and then reach his own conclusions as to plaintiff's RFC without the benefit of any opinion from a medical expert. Accordingly, this Court can not find that substantial evidence supports the ALJ's conclusions here.

## VI.  CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be GRANTED, the Commissioner's cross-motion be DENIED, and plaintiff's case be REMANDED for proceedings consistent with this recommendation.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

    New Orleans, Louisiana, this 27th day of May, 2014.

                                              **DANIEL E. KNOWLES, III**
                                              **UNITED STATES MAGISTRATE JUDGE**